**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

RECEIVED

OCT 08 2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

NATALIA J. NORWOOD

PLAINTIFF

v.

THE UNIVERSITY OF MISSISSIPPI;
KIMBERLY M. DEVRIES, individually
and in her official capacity;
BRADLEY A. SALTERS; NOEL E. WILKIN,
Ph.D.; and GLENN BOYCE, Ed.D.,
each in his official capacity

DEFENDANTS

CIVIL ACTION NO.
3:26-cv-00213-JDM-RP

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [DOC. 11]**

Plaintiff Natalia J. Norwood, pro se, responds in opposition to Defendants' Motion to Dismiss [Doc. 11]. Her supporting memorandum brief is filed as a separate docket item. L.U. Civ. R. 7(b)(2). In support, Norwood states:

1. Norwood concurrently files her First Amended Complaint ("FAC") as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). Defendants served Doc. 11 on September 25, 2026, so the FAC is timely. The FAC materially revises and clarifies the pleading that Doc. 11 challenges. Doc. 11 should be denied as moot, without prejudice to a renewed motion directed at the FAC. "OC" refers to the Original Complaint [Doc. 1].

2. Alternatively, Norwood opposes dismissal for the reasons stated in the accompanying memorandum. The retaliation standard governing Counts I and VI is not limited to ultimate employment decisions or lost compensation. Continued staff salary does not resolve the separately alleged interference with adjunct teaching, professional communications, access, and

protected complaint participation. Count V's accommodation claim is addressed separately under Section 504.

3. UM's Summary of Findings records UM's conclusions. It does not make UM's disputed version of events true over contrary well-pleaded facts. OC ¶¶ 147–154; FAC ¶¶ 126–136.

4. Exhaustion or timeliness warrants dismissal under Rule 12(b)(6) only if the bar is established by the allegations and materials properly considered, including qualifying incorporated documents and judicially noticed matters. The FAC distinguishes the November 27, 2025 EEOC submission and April 23, 2026 verification from the OCR complaint acknowledged November 8, 2025 and later referred to EEOC. Each route applies only to the practices actually presented through it. FAC ¶¶ 12–27.

5. The FAC identifies the June Registrar conduct, renewed August allocation, and student-advocacy warning. FAC ¶¶ 68–79, 102–115. It also alleges the May 22, 2026 charge-identifying demand copied to Salters, the June 19 objection, and his June 22 staff-return decision. FAC ¶¶ 140–143, 149, 152. Charge No. 490-2026-00516 included disability, race, sex, and retaliation; the demand supports alleged notice of both Title VII and disability-related activity. FAC ¶ 17.

6. Each count must be analyzed on its own elements. An argument directed at one theory, one defendant, or one remedy does not dispose of a separately sufficient theory. The memorandum brief addresses each ground.

7. If the Court considers material beyond the permissible Rule 12(b)(6) record without excluding it, Norwood requests the reasonable opportunity required by Rule 12(d).

8. A proposed order is attached as Exhibit A.

WHEREFORE, Norwood asks the Court to deny Defendants' Motion to Dismiss [Doc. 11] as moot in light of the First Amended Complaint, without prejudice to a renewed motion directed at that pleading, or alternatively to deny the motion on the merits. If the Court grants any part of the motion, Norwood asks that the order identify the affected claim, and that any jurisdictional dismissal be without prejudice.

Respectfully submitted, this the 8th day of October, 2026.

NATALIA J. NORWOOD
Plaintiff, pro se
9401 Crete Circle
Tuscaloosa, Alabama 35406
Telephone: (228) 280-9068
Fax: None
Email: nataliajnorwood.legal@gmail.com

Pro se Plaintiff. Plaintiff will promptly notify the Clerk of Court in writing of any change of address. L.U. Civ. R. 11(a).

**NOTICE REGARDING SERVICE**

On October 8, 2026, I am submitting the foregoing Response in Opposition to Defendants' Motion to Dismiss, with Exhibit A (Proposed Order), to the Clerk by hand delivery, with an additional copy for counsel for all Defendants. I request Court-arranged service and that its method and date be recorded on the docket. This notice does not certify completed service.

Counsel is:

Paul B. Watkins, Jr. (MB No. 102348)
Mayo Mallette PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
pwatkins@mayomallette.com

NATALIA J. NORWOOD
Plaintiff, pro se