**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

RECEIVED
OCT 08 2026
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| NATALIA J. NORWOOD<br>PLAINTIFF<br><br>v.<br><br>THE UNIVERSITY OF MISSISSIPPI; KIMBERLY M. DEVRIES, individually and in her official capacity; BRADLEY A. SALTERS; NOEL E. WILKIN, Ph.D.; and GLENN BOYCE, Ed.D., each in his official capacity<br>DEFENDANTS | CIVIL ACTION NO.<br>3:26-cv-00213-JDM-RP |

**PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**

## INTRODUCTION

Norwood seeks leave to supplement her pleading with events that occurred after she filed suit. The supplement adds no new count and no new defendant. It updates the facts that bear directly on the prospective relief already requested: whether UM's investigation-conditioned deferral of her staff-return determination continues. It does.

## BACKGROUND

Norwood filed suit on July 27, 2026 [Doc. 1]. Defendants moved to dismiss on September 25, 2026 [Doc. 11], and the Court stayed proceedings under L.U. Civ. R. 16(b)(3)(B) on September 28, 2026 [Doc. 13]. Norwood today files her First Amended Complaint as of right. The proposed Second Amended and Supplemental Complaint (Exhibit A) adds the following events, all after July 27, 2026: course communications on July 29 and August 22; her September and October 2026 teaching assignments; her October 3 inquiry to GRS investigator Donna Wagner and Wagner's October 4 response that the Benson investigation report had been

submitted to the University and that she was awaiting the University's direction; and Norwood's nonreceipt, as of October 8, of the report, an evidence-review packet, or a timetable. Ex. A ¶¶ 98, 144–149, 192, 230–236.

## STANDARD

On motion and reasonable notice, the Court may permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court may do so "even though the original pleading is defective in stating a claim or defense." *Id.* Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226–27 (1964). Leave should be freely given absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ARGUMENT

### A. The supplemental events arise from the same claims.

Each new allegation concerns the investigations, teaching restrictions, and staff-return arrangement already pleaded. The October 3–4 exchange shows that the investigation on which UM conditioned Norwood's return remained unresolved. The October 8 allegation shows that Norwood still had no report or timetable. Those facts bear on whether the federal violation is continuing, which is the predicate for prospective relief under Count VIII.

### B. Every *Foman* factor favors leave.

There is no delay: the newest event occurred on October 8, 2026, and this motion was filed the same day. There is no bad faith: Norwood seeks to keep the record current, not to change theories. There is no prejudice: Defendants have not answered, the stay remains in place,

no discovery has occurred, and the supplement adds no count or party. There is no futility: the supplemental facts strengthen the continuing-violation allegations that support prospective relief.

**C. The supplement does not displace Doc. 11.**

If the Court grants leave, a pending motion need not be refiled where its arguments remain applicable; the Court "may consider the motion as being addressed to the amended pleading." *Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018). Supplementation therefore does not burden Defendants with duplicative briefing.

**D. Limited stay relief, if needed.**

Doc. 13 stays the attorney conference, disclosure requirements, and discovery. L.U. Civ. R. 16(b)(3)(B). The rule leaves to the Court's discretion whether "any portion of the case" may proceed. *Id.* To the extent leave is needed, Norwood requests relief limited to consideration of this motion and, if it is granted, filing and service of Exhibit A and any response the Court directs. She seeks no discovery or disclosures.

**CONCLUSION**

The Court should grant leave to file Exhibit A as a separately docketed item within seven days of its order, L.U. Civ. R. 15, with the limited stay relief described above.

Respectfully submitted, this the 8th day of October, 2026.

NATALIA J. NORWOOD
Plaintiff, pro se
9401 Crete Circle
Tuscaloosa, Alabama 35406
Telephone: (228) 280-9068
Fax: None
Email: nataliajnorwood.legal@gmail.com

Pro se Plaintiff. Plaintiff will promptly notify the Clerk of Court in writing of any change of address. L.U. Civ. R. 11(a).

**NOTICE REGARDING SERVICE**

On October 8, 2026, I am submitting the foregoing Memorandum Brief in Support of Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint to the Clerk by hand delivery, with an additional copy for counsel for all Defendants. I request Court-arranged service and that its method and date be recorded on the docket. This notice does not certify completed service. Counsel is:

Paul B. Watkins, Jr. (MB No. 102348)
Mayo Mallette PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
pwatkins@mayomallette.com

NATALIA J. NORWOOD
Plaintiff, pro se